## Commonwealth v. Wiant and Wiant.

*Criminal law and procedure—Information—Indictment—Variance—Roads and highways—Signs—Guide posts—Detour signs—Acts of April 23, 1909, and May 31, 1911.*

1. Where defendants are arrested upon an information charging them with having removed and destroyed detour signs and barricades upon State highways, in violation of the Act of May 31, 1911, P. L. 468, and are subsequently indicted under the Act of April 23, 1909, P. L. 171, for the destruction and removal of signs and index-boards upon a township road, the variance is fatal and the indictment cannot be sustained.

2. The Act of 1911, applies to State highways only, and not to township public roads. The Act of 1909 makes it unlawful wilfully to destroy signs or index-boards erected upon a public thoroughfare by the officers of a municipality, or by their consent by clubs or other organizations for the direction and safety of travelers. The Act of 1909 does not apply to temporary detour signs and barricades.

3. Evidence that the defendants removed detour signs and barricades which had been placed upon a township road is not sufficient to sustain a conviction for violation of the Act of April 23, 1909, P. L. 171.

Motion in arrest of judgment. Q. S. Somerset Co., Dec. Sess., 1922, No. 101.

W. *Curtis Truxal*, District Attorney, and *Boose & Boose*, for Commonwealth.

*Uhl & Ealy*, for defendants.

BERKEY, P. J., Jan. 15, 1923.—An information was made by a supervisor of Brothersvalley Township, charging that Ed. Wiant and Harry Wiant, on or about Sept. 18, 1922, did "remove and break down detour signs and barricades, and did operate a traction engine over a highway under construction, on which detour signs and barricades had been placed by the superintendent having charge of said roads, and which highway is under completion, contrary to the Act of Assembly of May 31, 1911, § 17, P. L. 468."

Nov. 29, 1922, the grand jury returned a true bill, the tenor of which is as follows: "Ed. Wiant, Harry Wiant, late of the county aforesaid, yeoman, on

Commonwealth v. Wiant and Wiant.

Sept. 18, 1922, in the county aforesaid and within the jurisdiction of this court, with force and arms, did unlawfully and wilfully destroy, remove, injure and deface signs and index-boards erected upon and near a public street, road and bridge by the authority of the township, to wit, the Supervisors of Brothersvalley Township; said signs and index-boards were erected for the direction, guidance and safety of travelers on the public highways, contrary to the act of assembly," &c.

When the case was called for trial, counsel for defendants moved to quash the indictment, which motion was overruled. The trial proceeded and at the conclusion of the testimony counsel for defendants presented a point for binding instruction, which the court overruled, and the jury returned a verdict of guilty. Defendants' counsel filed a motion in arrest of judgment, assigning the following reasons, to wit:

"1. There was a material variance between the information upon which the indictment was founded and the bill of indictment as presented to the grand jury and on which a true bill was found.

"2. The bill, as presented to the grand jury, was based upon the information made before the justice of the peace, and was not a separate bill presented by leave of court. The bill of indictment and the information, therefore, being materially at variance, the same should have been quashed, and the conviction of the defendants is, therefore, unjust and illegal."

The act referred to in the information is applicable to State highways only and not to township public roads, as the evidence disclosed this road to be upon which the alleged offence was committed. The district attorney was not bound by the conclusion of the justice of the peace, but was clothed with authority to draw the bill of indictment under any statute that the facts in the information revealed had been violated. The indictment was laid under the Act of April 23, 1909, P. L. 171. An analysis of the language of section 1 of the act clearly shows that it shall be unlawful for any person to wilfully destroy, remove, injure or deface any sign or index-board erected upon a public thoroughfare or thoroughfares by the proper officers of a municipality, or by their consent, by clubs, associations or other organizations, for the direction, guidance and safety of travelers. And section 2 of the act defines the places of location and manner of erecting of all such signs as are within the purview of the act. The act is a penal statute and must be construed strictly. It is clearly apparent that the act does not include such temporary signs as are used to point out detours during the construction or repair of a township road or barricades to prevent travel during construction or repair, which detour signs and barricades are of such a nature that they may be removed daily or weekly.

I conclude, therefore, first, that there is a variance between the information and indictment, that the latter cannot stand; and, second, that the facts as proven upon the trial are insufficient to sustain the indictment laid under the last-mentioned act, for the proofs offered by the Commonwealth are that the Supervisors of Brothersvalley Township were reconstructing three miles of township road between the Bedford Pike and the Borough of Berlin; that during the construction they used detour signs, and while they were placing the finishing or top upon the road, built barricades across the same at certain points to prevent travel thereon until the road hardened, which signs and barricades the defendants removed. The motion in arrest of judgment must, therefore, be sustained.

Now, Jan. 15, 1923, judgment arrested.

From Mrs. Daryle R. Heckman, Somerset, Pa.